IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BRANDON O'NEAL KING, | |
| Petitioner, | CIVIL ACTION NO.: 2:21-cv-102 |
| v. | |
| STATE OF GEORGIA, | |
| Respondent. | |

### REPORT AND RECOMMENDATION

Petitioner Brandon King ("King") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus relating to his Appling County, Georgia criminal proceedings. Doc. 1. Respondent filed a Motion to Dismiss, and King filed a Response. Docs. 9, 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS without prejudice** King's § 2254 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** King *in forma pauperis* status on appeal and a Certificate of Appealability.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to King his suit is due to be dismissed. As indicated below, King will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

**BACKGROUND**

On October 27, 2021, King filed a § 2254 Petition attacking criminal proceedings in Appling County, Georgia. Doc. 1. Respondent filed a Motion to Dismiss, and King filed a Response. Docs. 9, 12. These matters are ripe for review.

**DISCUSSION**

In his Petition, King states he is being housed without bond based on charges of making terroristic threats, aggravated stalking, aggravated assault, and obstruction of an officer. Doc. 1 at 1. King asserts he has had three bond hearings and has been denied bond on all three occasions. Id. at 5. King seeks to be released on bond. Id. at 15.

Respondent contends King fails to state a claim for relief, as this Court should refrain from interfering in his ongoing state criminal proceedings under Younger v. Harris, 401 U.S. 37 (1971). Doc. 9 at 2. Respondent also contends King fails to allege a federal constitutional right violation. Id.

While King filed a Response to the Motion to Dismiss, he does not address Respondent's assertions. Instead, King provides what appear to be general rules or laws for the State of Georgia and other jurisdictions and which are not relevant to the matters before this Court. Doc. 12.

**I.  Whether This Court Should Abstain From Hearing King's Petition**

Respondent asserts King's Appling County criminal cases are still pending and, thus, this Court should not entertain whether he is entitled to bond under the Younger abstention doctrine. Doc. 9-1 at 2. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

federal courts." Younger, 401 U.S. at 43. Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." Thompson v. Wainwright, 714 F.2d 1495, 1503 (11th Cir. 1983); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "This 'settled law,' intended to preserve the independence of our concurrent judicial systems, requires 'sensitive consideration of ongoing proceedings in state courts' and 'that a federal court "tread lightly" when a state proceeding is already underway.'" Stephens v. Sluss, No. CV407-089, 2007 WL 2106225, at *2–3 (S.D. Ga. Aug. 15, 2007) (quoting The News-Journal Corp. v. Foxman, 939 F.2d 1499, 1508 (11th Cir. 1991) (quoting Blalock v. United States, 844 F.2d 1546, 1549 (11th Cir. 1988)). If the relief sought "would create an 'undue interference with state [criminal] proceedings,'" the Younger doctrine generally prohibits the claims. Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1251 (11th Cir. 2009) (alteration in original). To determine whether Younger requires abstention, a court must ask whether "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 53–54); 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003).

None of the three exceptions to Younger abstention apply in this case; thus, this Court should abstain from entertaining whatever the relative merits of King's Petition may be. King fails to allege any facts to show the bad faith exception applies. Hudson v. Hubbard, 358 F. App'x 116, 118 (11th Cir. 2009) (noting this exception requires a "substantial allegation showing actual bad faith" and finding insufficient pretrial detainee's general contentions of bad faith). "The second 'exception applies only where a statute is shown to be "flagrantly and patently"

3

unconstitutional.'" Martin v. Yeager, No. 3:17-CV-0055, 2017 WL 11492582, at *2 (N.D. Ga. Oct. 17, 2017) (quoting Jones v. Warren, No. 1:11-CV-3974, 2012 WL 1682264, at *4 (N.D. Ga. Apr. 23, 2012)), *report and recommendation adopted*, 2018 WL 10344737 (N.D. Ga. Jan. 29, 2018). King also fails to make any contention indicating the statutes for which he has been indicted are unconstitutional. Further, King is free to raise a challenge to the denial of his bond through a state habeas petition. O.C.G.A. § 9-14-1(a) ("Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint."); Mullinax v. State, 515 S.E.2d 839, 840 (Ga. 1999) (reviewing denial of pre-trial habeas petition challenging amount of bail). King also may file an appeal during the course of his state court criminal proceedings. See Tumlinson v. Dix, 844 S.E.2d 765, 767 (Ga. 2020) ("An order denying bond is interlocutory and may be reviewed by an appellate court following the grant of a certificate of immediate review.").[2] As the Younger abstention doctrine precludes this Court's review, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** King's Petition.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny King leave to appeal *in forma pauperis* and a Certificate of Appealability. Though King has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of

---

[2] King's failure to challenge the denial of bond through available state remedies raises an exhaustion concern, which would provide an additional reason to dismiss his Petition. Prior to filing a petition for writ of habeas corpus in federal court, a petitioner must first satisfy the requirement he seek relief from the courts within his state of prosecution. 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of King's Petition and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** King *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** King's § 2254 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** King *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA